UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-3218-CAS (PJWx) | Date | June 11, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Rubin Knight, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers:) ORDER REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT

**I.    INTRODUCTION**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 17, 2013, is hereby vacated, and the matter is taken under submission.

On June 4, 2012, plaintiff Deutsche Bank National Trust Company, as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1, filed the instant unlawful detainer action against *pro se* defendants Patricia and Ruben Knight in the Los Angeles County Superior Court. LASC Case No. 12C01581. Defendants proceeded to remove this action four separate times, all of which resulted in a remand to state court. See Deutsche Bank National Trust Company v. Rubin Knight, et al., Case Nos. 12-cv-8818, Dkt. No. 8; 13-cv-0217, Dkt. No. 10; 13-cv-1713, Dkt. No. 5; 13-cv-2470, Dkt. No. 6.

On May 6, 2013, defendant Patricia Knight again removed to this Court. Plaintiff filed a motion to remand on May 9, 2013. Dkt. No. 4. Plaintiff also seeks an order barring future removals in this action and attorney's fees incurred as a result of responding to all of defendant's removals. To date, defendant has not filed any opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 13-3218-CAS (PJWx) | Date | June 11, 2013 |
| Title | Deutsche Bank National Trust Company v. Rubin Knight, et al. | | |

## II. ANALYSIS

As an initial matter, the Court finds that the notice of removal was untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on May 6, 2012, yet defendant did not remove until May 6, 2013.

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses, as defendant has done here. McAtee, 479 F.3d at 1145. In addition, there is no diversity jurisdiction, because plaintiffs' claim for damages is less than $10,000 and defendants are residents of the forum state. See 28 U.S.C. § 1332 and 1441(b). Thus, neither diversity of the parties' nor a federal question can provide a basis for this Court's exercise of subject matter jurisdiction over plaintiff's claim.

Moreover, removal pursuant to 28 U.S.C. § 1443 is also improper. To remove this case pursuant to 28 U.S.C. § 1443, defendant must satisfy a two-part test. See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966). First, defendant must demonstrate that as a defense to a civil action or prosecution, she has asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and second, "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant's argument that the California non-judicial foreclosure statutory scheme qualifies as such is without merit. See, e.g., Union Bank v. Lebow, 2012 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-3218-CAS (PJWx) | Date | June 11, 2013 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Rubin Knight, et al. | | |

Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012). Accordingly, 28 U.S.C. § 1443 does not confer subject matter jurisdiction upon this Court over the instant case.

### III.   CONCLUSION

In accordance with the foregoing, the action is hereby REMANDED to the Los Angeles County Superior Court. Plaintiff's request for attorney's fees is denied. Defendant is admonished that any attempt to remove this action again may result in an award of attorney's fees against defendant as well as other monetary and/or terminating sanctions.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |